FILED - KZ
June 12, 2019 2:40 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
jlb  Scanned by JB / 6/13/19

1:19-cv-465

Janet T. Neff
U.S District Judge

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DON R. BUDD, IN PRO SE<br>100 Minges Creek Place, F-111<br>Battle Creek, MI 49015-4285<br>**TTY ONLY** (269) 979-8516, ·<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE LANDINGS AT THE PRESERVE<br>100 Minges Creek Place<br>Battle Creek, MI 49015-4285<br>(269) 979-2120,<br><br>DOES 1-100,<br><br>　　　　　Defendant. | No.<br><br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>**ISSUES**<br><br>1. **UNEQUAL BENEFITS** (Fair Housing Act Sec 804 (42 U.S.C. 3604(b) and (f2)))<br><br>2. **UNEQUAL SERVICE** (Fair Housing Act Sec 804 (42 U.S.C. 3604(b) and (f2))) |

　　　Here comes the Plaintiff, Don R. Budd in Pro Se, not of free will but out of necessity, since discrimination also extends to law offices in the District of Michigan. None will accept a Deaf client. Disability Rights Groups all tell me my issues are not worth their resources and therefore, will not take my complaints.

Budd0001

### Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (28 U.S.C. section 1331) Since the laws in question are the requirements of the Fair Housing Act (FHA), (42 U.S.C. section 3604) this district court has jurisdiction under 28 U.S.C. section 1331.

### ISSUE 1: UNEQUAL BENEFITS (Fair Housing Act Sec 804 (42 U.S.C. 3604(b) and (f2)))

Plaintiff has been attempting to gain the same benefits offered to Hearing residents at the Defendant Apartment Complex since January 2008, when Plaintiff learned that washer/dryers were being installed in apartments like that of the Plaintiff. However, Plaintiff has been told various excuses for not installing the appliance in his unit. Each year a different reason was given as to why no machine was delivered.

I attempted several avenues to gain assistance in dealing with this issue to no avail. I finally filed a formal complaint with the FHEO in Chicago. They forwarded the complaint to the Michigan Department of Civil Rights, who repeatedly attempted to force the Plaintiff into an agreement which is never enforced. I have gone that route before on another case. I told the Investigator I wanted to case to go to court since their agreements are never enforced. On April 5, 2019, the Investigator claimed her agency does not take cases to court, I would have to do that on my own. I learned from another Investigator that such a statement is false. Unable to force me into an agreement, the Investigator closed the case claiming "INSUFFICIENT EVIDENCE," which is used whenever they cannot force the Deaf in an accord. This Investigator is not the only one to use this tactic. That matter is now before the US Department of Justice.

Budd0002

The Defendant offers to let me move into another apartment with the appliance, but how is that equal Benefit when no one else was required to move into a more expensive apartment to receive the machine? This the Defendant refuses to answer. Out of the 12 units on my floor, I am the only Deaf resident not to receive the appliance. The other apartments have them.

This violates the Fair Housing Act Section 804 [42 U.S.C. 3604] "Discrimination in sale or rental of housing and other prohibited practices. (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith," Unequal amenities offered to hearing and deaf leases is forbidden. Making the Deaf move to a higher priced unit is also prohibited. (f2) "To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap."

If I'd move, the Defendant would most likely install the appliance despite the excuses now given and charge a higher rent.

Because the Defendant continues to refuse to provide equal benefits to the Deaf Plaintiff, the Statutes of Limitations (300 days) has not elapsed.

**ISSUE 2: UNEQUAL SERVICE (Fair Housing Act Sec 804 (42 U.S.C. 3604(b) and (f2)))**

On July 2, 2018, Plaintiff entered the Defendant Leasing Office and requested the area around the main window in the living room be repaired as the plaster was falling from the wall. Plaintiff waited for 3 weeks, and no one came to fix the window. I contacted the Property Manager, Cheryl Mack, who stated that she forgot to make out a work order. Plaintiff waited another three weeks and still did not receive the service requested. So, I notified the Defendant again and stated I would take legal action if not done by that Friday, August 24, 2018. The Main Maintenance man arrived the next day

Budd0003

and cleared out the chips from around the window. However, the work was not completed for another 3 weeks. It took a total of 9 weeks to get the job done. This is unequal service as no one else is required to wait 9 weeks.

On May 28, 2019, I called for emergency maintenance service for a water heater that broke spilling water through the furnace area and hallway. The carpet was soaked. The On-Call maintenance man showed up and shut off the water but had to wait until the next day to find another water heater. The first night they started a dehumidifier, which ran until May 30, 2019. The workers have not been back to pick up the dehumidifier or to fix all the water damage or remove all the mold from the carpet in 2 weeks since the mishap.

Service for the Hearing Impaired in this complex is in violation of the Fair Housing Act mentioned under ISSUE 1 above.

**JUDGMENT:**

Plaintiff seeks a court order for the installation of the washer/dryer appliance in his current residence of a similar or more exceptional standard with those installed in other apartments. It must be in proper working order (including installation of the electrical, plumbing, and flooring that was required for all units), and proper clean up of the area after the work is done with all debris removed from the apartment.

Plaintiff acknowledges that although the following amounts are the maximum allowed for Civil Cases by Congress as of 2013, the District Judge has the final say as to the fine(s) awarded in this case.

Plaintiff seeks monetary damages for each year the Plaintiff has been denied access to the appliance in his current home in the amount allowed by Congress of $100,000 for each year from 2008 to 2012.

| | |
|---|---|
| **2008-2012** | **$500,000** |
| **2013** | **$150,000** |
| **2014** | **$160,650** |

**For Parties Without an Attorney:**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Signed,

*[signature: Don R Budd]*   Dated: 6-12-19

Don R. Budd, In Pro Se

100 Minges Creek Place, Apt F-111

Battle Creek, MI 49015-4285

TTY Only (269) 979-8516