UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON R. BUDD,

    Plaintiff,                                            Hon. Janet T. Neff

v.                                                               Case No. 1:19-cv-465

THE LANDINGS AT THE PRESERVE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion to Dismiss.</u> (ECF No. 10.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

**I.    BACKGROUND**

Plaintiff Don Budd filed a pro se complaint alleging that Defendant The Landings at the Preserve violated the Fair Housing Act (FHA), 42 U.S.C. § 3604, by discriminating against him in the provision of services and facilities. Budd alleges that he is disabled because he is deaf, or hearing impaired, and this is the basis for Defendant's discriminatory treatment. (ECF No. 1 at PageID.1–2.)

Budd claims discrimination in three respects. First, he alleges that, since 2008, when he learned that Defendant's predecessor was installing washers and dryers in the units at The Landings, he requested that a washer and dryer be installed in his unit. His request was denied, and "[e]ach year a different reason was given as to why no machine was delivered." (*Id.* at PageID.2.) On April 8, 2019, Defendant sent Budd an email offering to allow Budd to relocate

to an apartment with a washer and dryer. Defendant informed Budd that two comparable apartments would soon be available and offered to waive the application and transfer fees and to give Budd a $300 credit towards his move-in costs. Budd declined the offer. (*Id.* at PageID.3; ECF No. 1-1 at PageID.10–11.) In 2019, Budd filed a formal complaint with the "FHEO in Chicago" and his complaint was referred to the Michigan Department of Civil Rights (MDCR). The MDCR closed Budd's case on June 29, 2019 due to "insufficient evidence to proceed," and because "[t]he respondent has also taken adjustive action." (ECF No. 1 at PageID.2; ECF No. 10-1 at PagID.42.) On June 4, 2019, prior to the closure, an MDCR investigator informed Budd that: (1) two non-disabled tenants in the building did not have washers and dryers in their apartments; (2) it was not unreasonable for the landlord to discontinue the washer and dryer program because it was too costly to maintain; (3) the previous landlord started the program and had installed washers and dryers without permits; (4) it was not unreasonable for Defendant to offer Plaintiff another apartment that had a washer and dryer; (5) Defendant provided a legitimate, nondiscriminatory reason as to why Budd's apartment did not have a washer and dryer; and (6) the MDCR found no evidence that Defendant did not provide Budd a washer and dryer because of his disability. (ECF No. 1-1 at PageID.12.)

Next, Budd alleges that on July 2, 2018, he requested Defendant to repair plaster around the main window in his living room. Budd waited three weeks, but no one came to fix the window. The property manager told him she forgot to prepare a work order. Budd waited another three weeks but received no service. The maintenance man finally arrived after Budd threatened legal action. However, it took an additional three weeks to complete the job. (ECF No. 1 at PageID.3–4.)

Finally, Budd alleges that on May 28, 2019, he requested emergency maintenance service for a broken water heater that was leaking water. The on-call maintenance man arrived and shut off the water and started a dehumidifier. Budd had to wait until the next day for a new water heater. As of June 12, 2019, the workers had not been back to pick up the dehumidifier or to remove the mold from the carpet. (ECF No. 1 at PageID.4.)

## II.    LEGAL STANDARD

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because Defendant filed its answer on July 18, 2019 (ECF No. 7), a motion to dismiss is not the proper vehicle to test the legal sufficiency of the complaint.[1] Defendant's post-answer motion is thus "an untimely dispositive pleading." *Fowler v. Thomas Nelson Publ'g*, No. 08-12572, 2009 WL 612385, at *4 (E.D. Mich. Mar. 6, 2009) (citing 5B Wright & Miller, *Federal Practice and Procedure* § 1357, at 408 (3d ed. 2004)). Nonetheless, the Court may treat the motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See Satkowiak v. Bay Cty. Sheriff's Dep't*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002).

In deciding a motion under Rule 12(c), a court applies the same standard applicable to motions under Rule 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008). A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff

---

[1] Budd argues that the Court should deny Defendant's motion because it is precluded by Fed. R. Civ. P. 12(g)(2). (ECF No. 11 at PageID.58.) That rule provides, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Budd's argument lacks merit because Defendant has not previously made a motion pursuant to Rule 12. Moreover, Rule 12(h)(2) provides that a defense of failure to state a claim may be raised "by a motion under Rule 12(c)."

3

to determine whether they state a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in

4

the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

III.   **ANALYSIS**

    A.   Failure to State a Claim

Defendant moves to dismiss Budd's claims on two grounds.  First, Defendant argues that Budd fails to allege facts under which the Court can plausibly infer that it discriminated against Budd on the basis of his disability by denying him a washer and dryer in his apartment since 2008 and by delaying the completion of maintenance and/or cleanup of his apartment.  Second, Defendant argues that Budd's claim based on failure to provide a washer and dryer is barred by the two-year statute of limitations set forth in 42 U.S.C. § 3613(a)(1)(A).

Section 804 of the FHA prohibits, among other things, discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," 42 U.S.C. § 3604(b), or "because of a handicap" 42 U.S.C. § 3604(f)(2). Discrimination claims under the FHA are evaluated under the familiar *McDonnell Douglas/Burdine* burden-shifting framework.  *Lindsey v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).  Because the *McDonnell Douglas/Burdine* framework "is an evidentiary standard, not a pleading requirement," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), a plaintiff need not plead facts establishing a *prima facie* case.  Instead, a plaintiff need only allege the statutory basis for his claim and its factual predicate.  *Lindsey*, 498 F.3d at 440.  However, under *Twombly* and *Iqbal*, a plaintiff must allege sufficient facts to meet the "facial plausibility" requirement. "Although the plaintiff may survive a motion to dismiss without pleading a *prima facie* case of discrimination, the complaint must nevertheless allege sufficient 'factual content' from which a

5

court could 'draw the reasonable inference' of [disability] discrimination." *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

The facts Budd alleges fall far short of "stat[ing] a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As to his claim that he was denied a washer and dryer, Budd states that "[o]ut of the 12 units on my floor, I am the only Deaf resident not to receive the appliance. The other apartments have them." (ECF No. 1 at PageID.3.) Assuming that Budd means that he is the only *resident* who does not have a washer and dryer, and this is because he is deaf, such allegation is refuted by the attachments to his complaint, which establish that there are non-disabled residents in Budd's building who also do not have units with a washer and dryer. (ECF No. 1-1 at PageID.12.) Moreover, Defendant's offer to relocate Budd to a unit that has a washer and dryer undermines any inference of discriminatory intent.

Budd's service-based claims are similarly deficient. Both claims are based on speculation and legal conclusions without any supporting facts. That is, Budd merely alleges the ultimate conclusion of discrimination without an adequate supporting factual basis. *See Kitchen v. Phipps Houses Grp. of Cos.*, 380 F. App'x 99, 101 n.2 (2d Cir. 2010) (noting that in alleging discrimination under the FHA, a plaintiff "must plead some facts that plausibly link his housing maintenance concerns or dissatisfaction with landlord-tenant proceedings to race or disability bias"); *McGhee v. Lipscomb*, No. 2:15-cv-2023-JPM-tmp, 2015 WL 4726992, at *7 (W.D. Tenn. Aug. 10, 2015) ("McGhee has provided no facts in his complaint that plausibly suggest an entitlement to relief. While McGhee states that he believes his alleged mistreatment was based on his race, sex, and/or disability, he does not support that belief with any facts to demonstrate the grounds upon which that belief rests."). Accordingly, Budd's claims are subject to dismissal for

6

failure to state a claim, and the Court need not address Defendant's statute-of-limitations argument.[2]

B.   Does 1–100

Plaintiff identified Does 1–100 in the caption of his complaint without stating any allegation against such unnamed Defendants.   Plaintiff has done nothing to identify or serve Does 1–100.   Although the undersigned would normally recommend that the Court afford Plaintiff an opportunity to show good cause for failure to identify and serve these Defendants, for the reasons set forth above, the undersigned recommends that the Court dismiss Does 1–100 pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

**IV.   CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 10) be granted, Does 1–100 be dismissed pursuant to 28 U.S.C. § 1915(e)(2), and the complaint be dismissed with prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Dated: December 2, 2019                                                               /s/ Sally J. Berens
                                                                                              SALLY J. BERENS
                                                                                              U.S. Magistrate Judge

---

[2] In their conclusion in their brief, Defendants request an award of attorney's fees and costs. (ECF No. 10-2 at PageID.51.)   Defendants cite no authority for an award of fees and costs, nor do they provide any argument as to why an award of fees and costs is appropriate in this case. Issues adverted to in a perfunctory manner are deemed waived.   *See United States v. Labona*, 689 F. App'x 835, 838 n.2 (6th Cir. 2017).